UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| | |
|---|---|
| RICHARD CHEA,<br><br>                     Plaintiff,<br><br>   v.<br><br>CAROLYN W. COLVIN, Acting<br>Commissioner of Social Security,<br><br>                     Defendant. | Case No. 2:15-cv-01122-KLS<br><br>ORDER REVERSING AND<br>REMANDING DEFENDANT'S<br>DECISION TO DENY BENEFITS |

Plaintiff has brought this matter for judicial review of defendant's denial of his application for supplemental security income (SSI) benefits. The parties have consented to have this matter heard by the undersigned Magistrate Judge. *See* 28 U.S.C. § 636(c), Federal Rule of Civil Procedure 73; Local Rule MJR 13. For the reasons set forth below, the Court finds that defendant's decision to deny benefits should be reversed and that this matter should be remanded for further administrative proceedings.

FACTUAL AND PROCEDURAL HISTORY

On August 9, 2011, plaintiff filed an application for SSI benefits, alleging disability as of July 2, 2007. Dkt. 9, Administrative Record (AR) 26. That application was denied on initial administrative review on October 24, 2011, and on reconsideration on February 27, 2012. *Id.* A hearing was held before an administrative law judge on November 19, 2012, at which plaintiff, represented by counsel, appeared and testified, as did a vocational expert. AR 41-74.

In a decision dated September 27, 2013, the ALJ determined plaintiff to be not disabled.

ORDER - 1

AR 26-35. Plaintiff's request for review of the ALJ's decision was denied by the Appeals Council on May 26, 2015, making the ALJ's decision the final decision of the Commissioner. AR 1; 20 C.F.R. § 416.1481. On July 16, 2015, plaintiff filed a complaint in this Court seeking judicial review of that decision. Dkt. 3. The administrative record was filed with the Court on September 18, 2015. Dkt. 9. As the parties have completed their briefing, this matter is now ripe for the Court's review.

Plaintiff argues defendant's decision to deny benefits should be reversed and remanded for an award of benefits, or in the alternative for further administrative proceedings, because the ALJ erred: (1) in rejecting the environmental restrictions assessed by Dale Thuline, M.D.; (2) in finding plaintiff's activities to be inconsistent with his allegations of disabling functional limitations; (3) in rejecting the opinion of Judith Gayne, M.D., concerning plaintiff's ability to perform full-time work; and (4) in finding plaintiff did not have a medically determinable vision impairment. For the reasons set forth below, the Court agrees the ALJ erred in rejecting the environmental restrictions Dr. Thuline assessed and in finding plaintiff did not have a medically determinable vision impairment, and therefore in determining him to be not disabled. Also for the reasons set forth below, however, the Court finds that while defendant's decision to deny benefits should be reversed on this basis, this matter instead should be remanded for further administrative proceedings.

## DISCUSSION

The Commissioner's determination that a claimant is not disabled must be upheld if the "proper legal standards" have been applied, and the "substantial evidence in the record as a whole supports" that determination. *Hoffman v. Heckler*, 785 F.2d 1423, 1425 (9th Cir. 1986); *see also Batson v. Commissioner of Social Security Admin.*, 359 F.3d 1190, 1193 (9th Cir. 2004);

ORDER - 2

*Carr v. Sullivan*, 772 F.Supp. 522, 525 (E.D. Wash. 1991) ("A decision supported by substantial evidence will, nevertheless, be set aside if the proper legal standards were not applied in weighing the evidence and making the decision.") (citing *Brawner v. Secretary of Health and Human Services*, 839 F.2d 432, 433 (9th Cir. 1987)).

Substantial evidence is "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Richardson v. Perales*, 402 U.S. 389, 401 (1971) (citation omitted); *see also Batson*, 359 F.3d at 1193 ("[T]he Commissioner's findings are upheld if supported by inferences reasonably drawn from the record."). "The substantial evidence test requires that the reviewing court determine" whether the Commissioner's decision is "supported by more than a scintilla of evidence, although less than a preponderance of the evidence is required." *Sorenson v. Weinberger*, 514 F.2d 1112, 1119 n.10 (9th Cir. 1975). "If the evidence admits of more than one rational interpretation," the Commissioner's decision must be upheld. *Allen v. Heckler*, 749 F.2d 577, 579 (9th Cir. 1984) ("Where there is conflicting evidence sufficient to support either outcome, we must affirm the decision actually made.") (quoting *Rhinehart v. Finch*, 438 F.2d 920, 921 (9th Cir. 1971)). [1]

I.   The ALJ's Evaluation of Dr. Thuline's Opinion

The ALJ is responsible for determining credibility and resolving ambiguities and conflicts in the medical evidence. *Reddick v. Chater*, 157 F.3d 715, 722 (9th Cir. 1998). Where

---

[1] As the Ninth Circuit has further explained:

> . . . It is immaterial that the evidence in a case would permit a different conclusion than that which the [Commissioner] reached. If the [Commissioner]'s findings are supported by substantial evidence, the courts are required to accept them. It is the function of the [Commissioner], and not the court's to resolve conflicts in the evidence. While the court may not try the case de novo, neither may it abdicate its traditional function of review. It must scrutinize the record as a whole to determine whether the [Commissioner]'s conclusions are rational. If they are . . . they must be upheld.

*Sorenson*, 514 F.2d at 1119 n.10.

ORDER - 3

the medical evidence in the record is not conclusive, "questions of credibility and resolution of conflicts" are solely the functions of the ALJ. *Sample v. Schweiker*, 694 F.2d 639, 642 (9th Cir. 1982). In such cases, "the ALJ's conclusion must be upheld." *Morgan v. Comm'r of the Soc. Sec. Admin.*, 169 F.3d 595, 601 (9th Cir. 1999). Determining whether inconsistencies in the medical evidence "are material (or are in fact inconsistencies at all) and whether certain factors are relevant to discount" the opinions of medical experts "falls within this responsibility." *Id.* at 603.

In resolving questions of credibility and conflicts in the evidence, an ALJ's findings "must be supported by specific, cogent reasons." *Reddick*, 157 F.3d at 725. The ALJ can do this "by setting out a detailed and thorough summary of the facts and conflicting clinical evidence, stating his interpretation thereof, and making findings." *Id.* The ALJ also may draw inferences "logically flowing from the evidence." *Sample*, 694 F.2d at 642. Further, the Court itself may draw "specific and legitimate inferences from the ALJ's opinion." *Magallanes v. Bowen*, 881 F.2d 747, 755, (9th Cir. 1989).

The ALJ must provide "clear and convincing" reasons for rejecting the uncontradicted opinion of either a treating or examining physician. *Lester v. Chater*, 81 F.3d 821, 830 (9th Cir. 1996). Even when a treating or examining physician's opinion is contradicted, that opinion "can only be rejected for specific and legitimate reasons that are supported by substantial evidence in the record." *Id.* at 830-31. However, the ALJ "need not discuss *all* evidence presented" to him or her. *Vincent on Behalf of Vincent v. Heckler*, 739 F.2d 1393, 1394-95 (9th Cir. 1984) (citation omitted) (emphasis in original). The ALJ must only explain why "significant probative evidence has been rejected." *Id.*; *see also Cotter v. Harris*, 642 F.2d 700, 706-07 (3rd Cir. 1981); *Garfield v. Schweiker*, 732 F.2d 605, 610 (7th Cir. 1984).

ORDER - 4

In general, more weight is given to a treating physician's opinion than to the opinions of those who do not treat the claimant. *See Lester*, 81 F.3d at 830. On the other hand, an ALJ need not accept the opinion of a treating physician, "if that opinion is brief, conclusory, and inadequately supported by clinical findings" or "by the record as a whole." *Batson v. Comm'r of Soc. Sec. Admin.*, 359 F.3d 1190, 1195 (9th Cir. 2004); *see also Thomas v. Barnhart*, 278 F.3d 947, 957 (9th Cir. 2002); *Tonapetyan v. Halter*, 242 F.3d 1144, 1149 (9th Cir. 2001). An examining physician's opinion is "entitled to greater weight than the opinion of a nonexamining physician." *Lester*, 81 F.3d at 830-31. A non-examining physician's opinion may constitute substantial evidence if "it is consistent with other independent evidence in the record." *Id.* at 830-31; *Tonapetyan*, 242 F.3d at 1149.

In early January 2012, Dr. Thuline, a state agency non-examining consulting physician, opined that due to his history of pulmonary mycobacteria infection, plaintiff should "[a]void even moderate exposure" to fumes, odors, dusts, gases, poor ventilation, and the like. AR 90. The ALJ declined to adopt that limitation in light of her determination that plaintiff's "history of pulmonary infection and tuberculosis" was "nonsevere". AR 32. In making that determination, the ALJ found "no indication" plaintiff's history of pulmonary infection and tuberculosis "had any significant functional impact for any 12-month period at any time relevant to [her] decision." AR 28; *see also Tackett v. Apfel*, 180 F.3d 1094, 1098 (9th Cir. 1999) (to establish disability claimant must show he or she suffers from medically determinable impairment that has lasted or can be expected to last for continuous period of not less than twelve months). In so finding, the ALJ cited a September 2011 treatment record noting that plaintiff was "asymptomatic from a pulmonary standpoint." *Id.*; *see also* AR 353.

Plaintiff argues the ALJ erred in so finding. The Court agrees. First, the very treatment

ORDER - 5

record the ALJ cites notes a past medical history that is significant for pulmonary tuberculosis, including a "recent hospitalization for pneumonia in March 2011." AR 353. Second, it is that history of disease – and it's potential to cause problems for plaintiff – that Dr. Thuline based his opinion on, and not as plaintiff points out on whether he is symptomatic at any particular point in time. Dr. Thuline's opinion is also supported by the opinion of Nina Kim, M.D., who in March 2011, assessed environmental restrictions as well on the basis of plaintiff being "*at risk of severe infection* due to compromised immunity." AR 283 (emphasis added).[2]

II.   The ALJ's Findings Regarding Plaintiff's Vision Impairment

The ALJ found that while plaintiff alleged he suffered from blurry vision, the record failed to establish "any determinable visual impairment." AR 28. In support of this finding the ALJ pointed to what she characterized as a February 2012 "benign eye examination" performed by Dr. Thellea Kukes Leveque. *Id*. But as plaintiff notes, the results of the eye examination do appear to show the presence of at least some abnormalities (AR 406-07), although Dr. Gayne, plaintiff's treating physician, did later described the eye examination as being a "benign" one (AR 398). Raymond West, M.D., also reported abnormal findings during a December 20, 2012 consultative examination. AR 471. Dr. West opined that there appeared "to be a rather severe loss of visual acuity," and therefore that plaintiff "should not be expected to work around moving machinery or from heights." AR 474.

In regard to Dr. West's opinion evidence, the ALJ found as follows:

I have given some weight to Dr. West's consultative assessment indicating
that the claimant is capable of performing a range of light exertional tasks

---

[2] Although the ALJ rejected the sitting, standing and lifting limitations Dr. Kim also assessed, she did not address the fact that Dr. Kim found environmental limitations as well. AR 32; *see also Garrison v. Colvin*, 759 F.3d 995, 1012-13 (error to reject medical opinion in a manner "that fails to offer a substantive basis for [the ALJ's] conclusion") (9th Cir. 2014); *Lester v. Chater*, 81 F.3d 821, 830-31 (even when a treating or examining physician opinion is contradicted, that opinion "can only be rejected for specific and legitimate reasons that are supported by substantial evidence in the record") (9th Cir. 1996).

ORDER - 6

>(13F). However, I have determined that the evidence is not consistent with Dr. West's opinion that the claimant could only sit for one hour and stand/walk for 30 minutes at a time, that he was limited to occasional postural activities with no climbing of ladders or scaffolds, that he had bilateral reaching and push/pull limitations, and that he had several environmental limitations. Such restrictions are both internally inconsistent with the claimant's normal coordination, range of motion, and strength at Dr. West's examination, and inconsistent with the claimant's longitudinal history, performance on physical examinations, and independent daily activities . . .

AR 32. The ALJ, however, fails to explain *how* the normal coordination, range of motion and strength findings or plaintiff's longitudinal history, performance on physical examinations or daily activities are inconsistent with the visual restrictions Dr. West assessed. Accordingly, the Court finds the ALJ failed to provide valid reasons for rejecting them. *See Garrison*, 759 F.3d at 1012-13; *Lester*, 81 F.3d at 830-31.

III.     The ALJ's Errors Were Harmful

Plaintiff argues these errors were harmful, because the ALJ did not ask the vocational expert to identify occupations he could perform that did not involve exposure to respiratory irritants or work around moving machinery. The Court agrees. Defendant employs a five-step "sequential evaluation process" to determine whether a claimant is disabled. *See* 20 C.F.R. § 416.920. If the claimant is found disabled or not disabled at any particular step thereof, the disability determination is made at that step, and the sequential evaluation process ends. *Id.* At step five of the sequential disability evaluation process, the ALJ must show a significant number of jobs exist in the national economy that the claimant is able to do. *Tackett v. Apfel*, 180 F.3d 1094, 1098-99 (9th Cir. 1999); 20 C.F.R. § 416.920(d), (e).

The ALJ can do this through the testimony of a vocational expert. *Osenbrock v. Apfel*, 240 F.3d 1157, 1162 (9th Cir. 2000); *Tackett*, 180 F.3d at 1100-1101. An ALJ's findings will be upheld if the weight of the medical evidence supports the hypothetical posed by the ALJ to the

ORDER - 7

vocational expert. *Martinez v. Heckler*, 807 F.2d 771, 774 (9th Cir. 1987). The vocational expert's testimony thus must be reliable in light of the medical evidence to qualify as substantial evidence. *Embrey v. Bowen*, 849 F.2d 418, 422 (9th Cir. 1988). Accordingly, the ALJ's description of the claimant's disability "must be accurate, detailed, and supported by the medical record." *Embrey*, 849 F.2d at 422 (citations omitted).

As plaintiff notes, the ALJ did not pose a hypothetical question containing the respiratory and moving machinery limitations Drs. Thuline and West assessed. AR 68-72. Defendant argues this omission – and the ALJ's erroneous evaluation of Dr. Thuline's and Dr. West's opinions – is harmless, because the two jobs the vocational expert identified do not require exposure to either respiratory irritants or moving machinery. An error is harmless, however, only if it is "inconsequential" to the ALJ's "ultimate nondisability determination." *Stout v. Comm'r, Soc. Sec. Admin.*, 454 F.3d 1050, 1055 (9th Cir. 2006); *see also Parra v. Astrue*, 481 F.3d 742, 747 (9th Cir. 2007).

The vocational expert testified that an individual with the same age, education, work experience, and residual functional capacity as plaintiff, could perform the jobs of assembler (Dictionary of Occupational Titles (DOT) 706.684-022, 1991 WL 679050) and basket filler (DOT 529.687-010, 1991 WL 674737). AR 68-69. Based on that testimony, the ALJ found plaintiff to be capable of performing other jobs existing in significant numbers in the national economy. AR 34. It is true that with respect to both jobs, the DOT provides that atmospheric conditions and moving mechanical parts are each an activity or condition that "does not exist." DOT 706.684-022, 1991 WL 679050; DOT 529.687-010, 1991 WL 674737.

The DOT, however, also states that the assembler job requires working on an assembly line, and that the basket filler job requires working with a conveyor – and may require use of a

ORDER - 8

"hydraulic mechanism" – each of which clearly would constitute a type of moving machinery. *Id.* In addition, while "atmospheric" conditions may not be present, it is not at all clear that this means *no* respiratory irritants are present. Indeed, since it appears both jobs are performed in an industrial work environment, at least some respiratory irritants can be expected to exist in the workplace. Given this and the apparent contradictory – or at the very least ambiguous – language of the DOT noted herein concerning the presence of moving machinery and respiratory irritants, it is far from clear the extent to which the environmental restrictions Dr. Thuline and Dr. West noted would be present, and thus whether plaintiff would be able to perform either job. The ALJ should have obtained vocational expert testimony to clarify these issues, and her failure to do so therefore constitutes reversible error.

IV.     This Matter Should Be Remanded for Further Administrative Proceedings

A Court may order remand "either for additional evidence and findings or to award benefits." *Smolen v. Chater*, 80 F.3d 1273, 1292 (9th Cir. 1996). Generally, when the Court reverses an ALJ's decision, "the proper course, except in rare circumstances, is to remand to the agency for additional investigation or explanation." *Benecke v. Barnhart*, 379 F.3d 587, 595 (9th Cir. 2004) (citations omitted). As such, it is only "the unusual case in which it is clear from the record that the claimant is unable to perform gainful employment in the national economy," that "remand for an immediate award of benefits is appropriate." *Id.*

Benefits may be awarded where "the record has been fully developed" and "further administrative proceedings would serve no useful purpose." *Smolen*, 80 F.3d at 1292; *Holohan v. Massanari*, 246 F.3d 1195, 1210 (9th Cir. 2001). Specifically, benefits should be awarded where:

> (1) the ALJ has failed to provide legally sufficient reasons for rejecting [the claimant's] evidence, (2) there are no outstanding issues that must be resolved

ORDER - 9

before a determination of disability can be made, and (3) it is clear from the record that the ALJ would be required to find the claimant disabled were such evidence credited.

*Smolen*, 80 F.3d 1273 at 1292; *McCartey v. Massanari*, 298 F.3d 1072, 1076-77 (9th Cir. 2002).

Because, as discussed above, issues remain in regard to plaintiff's environmental limitations and thus his ability to perform other jobs at step five, remand for further consideration of those issues is warranted.

## CONCLUSION

Based on the foregoing discussion, the Court finds the ALJ improperly concluded plaintiff was not disabled. Accordingly, defendant's decision to deny benefits is REVERSED and this matter is REMANDED for further administrative proceedings.

DATED this 8th day of January, 2016.

*/s/ Karen L. Strombom*
Karen L. Strombom
United States Magistrate Judge

ORDER - 10